Opinion issued May
26, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-10-00549-CR

____________

 








RICKY JASON ROBERTS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 252nd District Court

Jefferson County, Texas[1]

Trial Court Cause No. 98898

 


 
 

 
 
 



MEMORANDUM OPINION








          Appellant,
Ricky Jason Roberts, pleaded guilty to the felony offense of driving while
intoxicated with a child passenger.  See Tex.
Penal Code Ann. § 49.045 (Vernon Supp. 2010).  In accordance with appellant’s agreement with
the State, the trial court deferred adjudication of guilt and placed appellant
on community supervision for five years. 
Subsequently, the State moved to revoke appellant’s community
supervision and for an adjudication of appellant’s guilt, on the grounds that
appellant had violated the conditions of his community supervision.  Appellant pleaded “true” to the State’s
allegations.  The trial court found the
allegations true, adjudged appellant guilty of the original charge, and
assessed punishment at confinement for two years.  Appellant timely filed a notice of
appeal.  

Appellant’s court-appointed appellate
counsel has filed a motion to withdraw, along with an Anders brief stating that the record presents no reversible error
and that therefore the appeal is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We affirm the trial court’s judgment and
grant counsel’s motion to withdraw. 

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re
Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous,
her obligation to her client is to seek leave to withdraw.  Id.
at 407.  Counsel’s obligation to the
appellate court is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of her Anders
brief to her client, along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and she has ensured that her
client has, at some point, been informed of his right to file a pro se [petition
for discretionary review]; 

(2)     the
attorney has informed us that she has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

Id. at 408–09.  If
we agree that the appeal is wholly frivolous, we will grant the attorney’s
motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If
we conclude that arguable grounds for appeal exist, we will grant the motion to
withdraw, abate the case, and remand it to the trial court to appoint new
counsel to file a brief on the merits.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978). Counsel discusses the evidence, supplies us with
references to the record, and provides us with citation to legal authorities.  Counsel indicates that he has thoroughly
reviewed the record and that she is unable to advance any grounds of error that
warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154
(Tex. App.—Houston [1st Dist.] 2006, no pet.). 


          In
his pro se response, appellant seems to complain about the sufficiency of the
evidence, asserting that he was not driving at the time arresting officers
approached him, and he complains that counsel was ineffective during punishment
for not having raised this point. 
Further, appellant complains that the trial court erred by having failed
to consider sentencing him to rehabilitation. 


We have independently reviewed the
entire record, and we conclude that no reversible error exists, that there are
no arguable grounds for review, and that therefore the appeal is frivolous.  See Schulman,
252 S.W.3d at 407 n.12 (explaining that appeal is frivolous when it does not
present any argument that could “conceivably persuade the court”); Bledsoe, 178 S.W.3d at 826–27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether the appeal is wholly frivolous).  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so. See Garner, 300 S.W.3d at 767.  An appellant may challenge a holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d 827 & n.6.

We grant counsel’s motion to withdraw[2]
and affirm the trial court’s judgment. Attorney Jack Lawrence must immediately
send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a
copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).  All pending motions are denied.

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices Sharp
and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 











[1]
              This
appeal was transferred from the Ninth Court of Appeals to the First Court of
Appeals pursuant to an order of transfer by the Texas Supreme Court.  See
Tex. Gov’t Code Ann. § 73.001 (Vernon 2005).

 





[2]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).